Matthews *vs.* Bridges and another.

13   325|
88   714|

No. 48.—POLLY H. MATTHEWS, guardian, &c. plaintiff in error, *vs.* JAMES BRIDGES, administrator, &c. and GABRIEL W. GRIMES, defendants in error.

[1.] A widow having a child living, becomes entitled to property as a distributee, and before acquiring possession marries : *Held,* that the case is within the Act of 1845, and her child by her first marriage is entitled to an equal portion of that property with her and all her children.

- In Equity, in Oglethorpe Superior Court.   Decision on demurrer, by Judge BAXTER.   April Term, 1853.

James Bridges, Sr. died intestate, leaving as one of his distributees and heirs at law, Saleta Ann Matthews, who was

a widow, with one child, (the ward of the plaintiff in error.) Mrs. Matthews, before any distribution of the estate, intermarried with Gabriel W. Grimes, making no marriage contract or settlement. This bill was filed by the guardian of the child, to recover of the administrator of James Bridges, Sr. one half of the distributive share of Mrs. Matthews, now Mrs. Grimes, under the Act of 1845.

On demurrer, the Court below dismissed the bill, and this decision is assigned as error.

T. R. R. COBB, for plaintiff in error.

JOS. H. LUMPKIN, Jr. for defendants in error.

*By the Court.*—NISBET, J. delivering the opinion.

This cause demands a construction of the Act of 1845, entitled "An Act to change and point out the mode of inheritance, in certain cases therein mentioned." The first section of that Act provides "that from and after the passage of this Act, whenever any *feme covert* having a child or children living, by a former husband, shall be entitled to property by inheritance, such property shall not belong to the husband of such *feme covert,* as heretofore, but shall be equally divided between the children of such *feme covert* and said *feme covert.*" This Act changes the mode of descent in certain cases. What are those cases? The answer is found in the words of the Act, "whenever a *feme covert,* having a child or children by a former husband, shall be entitled to property by inheritance." If the woman is a *feme covert,* and has a child living by a former husband, and is *entitled* to property by *inheritance,* then the property descends equally to her and all her children. These are the precise conditions found in this record. Mrs. Grimes is a *feme covert.* She has a child living by a former husband, and she is entitled to property by inheritance from her father's estate. To recover the child's part of that property, under the Act of 1845, this bill was brought. The case is manifest-

Matthews *vs.* Bridges and another.

ly within the letter of the Act; and if so, there is no room for construction; certainly none, when the construction is invoked to limit and restrain the operation of the Statute. It is remedial, and must be liberally construed. The argument of the counsel for the defendant in error is, that the Act applies to cases alone where the wife's right to property accrues during the second coverture, and does not embrace cases where, as in this. case, the inheritance is cast upon her, whilst a widow. He argues that the Act, when it speaks of a *feme covert* being entitled to property, defines a condition, to wit, coverture, when the right must accrue. We cannot so think, but believe that these words in the Act are descriptive of the state or condition of the woman, when the rule of .descent prescribed by the Act shall apply. Now, although her right to the property in this case, originated by the death of her father,. under our laws of distribution, whilst she was a *feme sole*, yet not having reduced it to possession before her second marriage, she was, after the marriage, entitled to it as a *feme covert*. If there were doubt upon the letter of the Act, it vanishes when we look to the mischief intended to be remedied. That was the acquisition of the property by the husband, to the exclusion of the children by a former marriage. Before this Act, upon reducing into possession property devolving upon his wife by inheritance, the husband acquired an absolute right to it, and the child or children of a former marriage were cut off. That was the mischief which the Act of '45 proposed to remedy. Now, whether the wife's right to property accrued before or after coverture, the mischief was the same; for in both cases, the husband, upon reducing into possession, became owner, to the exclusion of the children by a former marriage. And in both cases, the wife was entitled to her equity, amounting, if needs be, to the whole of the inheritance. So that this case is as much within the mischief, as if the property had fallen to Mrs. Grimes after her coverture, and, we must think, equally within the remedy.

Let the judgment be reversed.